UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:15-CR-023-TBR

UNITED STATES OF AMERICA,                                                    PLAINTIFF

v.

CHRISTOPHER FORD,                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Christopher Ford's Motion for Return of Personal Property, [R. 173], pursuant to Federal Rule of Criminal Procedure 41(g). The United States has responded, [R. 190], and the time for Ford to file a reply has passed by over three months. For the following reasons, Ford's Motion for Return of Personal Property, [R. 173], is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

On January 10, 2017, Ford pled guilty to seven counts of charges involving the distribution of methamphetamine and being in possession of a firearm as a felon. [R. 106 at 2-4 (Plea Agreement).] On June 5, 2017, Ford filed this motion *pro se* for the return of personal property he claims was illegally taken by federal agents and local law enforcement, including cell phones, computers, cars, trailers, and a motorcycle. [R. 173.] Two days later, during his sentencing hearing before the Court, Ford limited the property to be returned to three items: a laptop computer, a desktop computer, and the title to one car. [R. 178 at 26:18-29:14.] Specifically, he stated he wanted his "mother's laptop computer and her home computer that she left [him] when she passed away. [Those are the] main things, one laptop and one home

1

computer,[1]" [*Id*. at 26:18-20], as well as the title to an Oldsmobile Cutlass, [*Id*. at 28:22-29:14]. The Court verbally confirmed the dispute as to those three items, to which Ford's counsel, Thomas Osborne, agreed. [*Id*. at 32:10-12.] In the United States' Verified Response, it stated that it would return the laptop and the title to the Oldsmobile Cutlass to Ford's counsel. However, it could not return the desktop computer because it never had custody of such an item. [R. 190 at 1 (United States Response).]

## STANDARD

Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated." *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir.1982) (quoting *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir.1977)). "However, the person seeking return of property must show that they are lawfully entitled to possess it." *United States v. Headley*, 50 F. App'x 266, 267 (6th Cir.2002). "When the government has a 'continuing interest' in the property, the property does not have to be returned." *United States v. Popham*, 382 F. Supp. 2d 942, 955 (E.D. Mich. 2005) (citing *United States v. Francis*, 646 F.2d 251, 263 (6th Cir.1981)). "The court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g).

## DISCUSSION

As the United States has agreed to return the laptop and the title to the car, [R. 190 at 1], the only item matter left to decide is the return of the desktop computer. The United States argues that denial of a Rule 41(g) motion is proper when the federal government never had

---

[1] During the sentencing hearing, Ford described the laptop as "a purple H&P [sic] laptop." [R. 178 at 27:5.] Both computers allegedly were located at the house at 825 Broadway Street. [*Id*. at 28:1.]

possession of the property in question. [R. 190 at 2 (quoting *United States v. Ford*, No. 2:05-CR-21, 2007 WL 837238, at *2 (E.D. Tenn. Mar. 15, 2007)).] The Court agrees.

In *United States v. Obi*, the Sixth Circuit affirmed the denial of a motion for the return of property when there was "no evidence of record to show that the property in question was ever in the possession of the federal government." 100 F. App'x 498, 499 (6th Cir. 2004). Although, in that case, the property was seized by state police officers pursuant to a warrant issued by the state court, this Court has broadly interpreted *Obi* to mean that the denial of Obi's motion for return of property was proper "because there was no evidence to show that the federal government ever possessed the item at issue." *United States v. Johnson*, No. 3:02-CR-00068, 2010 WL 341548, at *7 (W.D. Ky. Jan. 22, 2010). Similarly, in the case at hand, the United States articulates in its Verified Response that it never possessed the desktop computer. Furthermore, Ford has failed to carry his burden of showing "real or constructive possession of the property by the federal government." *See Obi*, 100 F. App'x at 499 (citing *Clymore v. United States*, 164 F. 3d 569, 571 (10th Cir. 1999). Although Ford claims in his motion that Ballard County police officers acted at the direction of the federal government when they illegally seized vehicles from another person's property jointly belonging to him, [R. 173 at 1], he did not present evidence that the United States ever possessed any of this property nor did he file a reply to argue against the United States' statement that it never had possession of the desktop computer at issue. Therefore, the Court holds that Ford's motion in regards to the desktop computer is denied.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

So far as it concerns the laptop computer and the title to an Oldsmobile Cutlass, Ford's Motion for Return of Personal Property, [R. 173], is **GRANTED**. So far as it concerns the

desktop computer allegedly located at 825 Broadway Street, Ford's Motion for Return of Property, [R. 173], is **DENIED**.

    **IT IS SO ORDERED**.


cc: Counsel