UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:15-CR-23-1-TBR

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

CHRISTOPHER FORD                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Christopher Ford's *pro se* Motion for Compassionate Release In Light of COVID-19. [DN 262]. The Government responded, [DN 264], and Defendant replied, [DN 269]. This matter is ripe for adjudication. For the reasons stated herein, Defendant's Motion for Compassionate Release, [DN 262], is **DENIED.**

## BACKGROUND

In 2015, Defendant possessed and distributed large quantities of methamphetamine, and possessed multiple firearms. [DN 176 at 2]. Defendant pled guilty to one count of Conspiracy to Possess with Intent to Distribute and Distribution of Methamphetamine; four counts of Distribution of Methamphetamine; and two counts of Felon in Possession of a Firearm on January 10, 2017. [DN 262-1 at 2]. Subsequently, on June 7, 2017, Defendant was sentenced to a 240-month term of imprisonment and five years supervised release. [DN 176 at 3]. Currently, Defendant has served approximately 45 months (or 19 percent) of his 240-month sentence. Defendant now seeks compassionate release due to his underlying medical conditions and the COVID-19 pandemic.

## LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed except that-
    (1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court shall engage in a "three-step inquiry." *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18

U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 . . . [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling

reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

This policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* The last category is a catch-all provision titled "Other Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D).

After considering whether extraordinary and compelling reasons warrant a sentence reduction and whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the district court proceeds to the third and final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant

sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)); *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, --- F.Supp.3d ----, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

On August 18, 2020, Defendant submitted a request for Compassionate Release with the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that his underlying medical conditions put him at a higher risk of serious complications from COVID-19. [DN 262-2 at 2]. The Warden did not respond to Defendant's initial request, so Defendant submitted a second request on November 12, 2020. [DN 262-2 at 4]. More than thirty (30) days lapsed without response from the Warden. Therefore, on January 7, 2021, Defendant filed his Motion for Compassionate Release with the Court. [DN 262]. The Government did not object to the exhaustion requirement. [DN 264]. Thus, the Court finds that Defendant has properly exhausted his administrative remedies under the First Step Act.

**II. Extraordinary and Compelling Reasons**

Where, as here, an incarcerated person files a motion for compassionate release directly, the district judge may skip step two of the § 3582(c)(1)(A) inquiry and has full discretion to define and determine whether an "extraordinary and compelling" reasons exists on his own initiative, without consulting the policy statement § 1B1.13. *Elias*, No. 20-3654, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1111). The Sixth Circuit recently approved the following two-part test "for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at a high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520 (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020) (internal quotation marks omitted)).

In support of his motion, Defendant argues that the presence of COVID-19 at USP Canaan and his medical conditions including obesity, Type II diabetes mellitus, bronchitis, chronic viral hepatitis, uncontrolled acute asthma exacerbation with bronchospasm, chronic obstructive pulmonary disease ("COPD"), essential stage II hypertension, acute hypoxemic respiratory failure, vitamin D deficiency, reflux disease, and a history of chronic tobacco abuse constitute extraordinary and compelling reasons for his release. [DN 262-1 at 5]. In response, the Government argues that Defendant "does not show that he has a greater risk of contracting the disease in prison that he would if he was released or that the Bureau of Prisons could not treat him effectively if he had coronavirus." [DN 264 at 1]. In addition, the Government states that the coronavirus is not a basis for compassionate release, and the Court should not release Defendant because "he is a dangerous criminal and a flight risk." [*Id.*]

Defendant's BOP medical records confirm that he is a 53-year-old white male who suffers from several medical conditions including obesity, Type II diabetes mellitus, essential (primary) hypertension, hyperlipidemia, COPD, acid reflux, vitamin D deficiency, asthma and general pulmonary/respiratory problems from a history of smoking tobacco and cooking meth for years without any protection, and a complete loss of his teeth. [*See generally* DN 266-1]. The Centers for Disease Control has stated that those with diabetes are at an increased risk of severe illness from COVID-19,[1] those with high blood pressure may be at an increased risk,[2] and hypertension (high blood pressure), diabetes, and hyperlipidemia (high cholesterol) are listed as the three most common comorbidities among COVID-19 related fatalities.[3] CDC guidelines further advise that individuals who are obese (BMI of 30 or above) are among those with the "strongest and most consistent evidence" of severe illness from COVID-19.[4] Additionally, individuals who currently smoke or formerly smoked are more likely to get severely ill from COVID-9, as well as those with chronic lung diseases including COPD and asthma.[5]

Moreover, statistically speaking, Defendant's age (53) puts him at a higher risk of serious illness or death from COVID-19 than other age groups even though his age does not place him in the most vulnerable age category. The CDC website states that individuals aged 50–64 are 4x more likely to be hospitalized and 30x more likely to die from COVID-19 compared to an 18–29-year-

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fspecific-groups%2Fhigh-risk-complications.html.
[2] *Id.*
[3] *COVID-19 Tracker*, New York State Department of Health, https://covid19tracker.health.ny.gov/views/NYS-COVID19-Tracker/NYSDOHCOVID-19Tracker-Fatalities?%3Aembed=yes&%3Atoolbar=no&%3Atabs=n (last updated Jan. 10, 2021).
[4] *Scientific Evidence for Conditions that Increase Risk of Severe Illness*, CDC (Nov. 2, 2020), https://bit.ly/34aDRY6.
[5] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

old.[6] The more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19.[7] Though Defendant's records indicate he has not tested positive for the virus, and he stated that he is taking medications for his conditions, research and guidance from the CDC clearly shows that Defendant is at a greater risk due to these conditions.

The Court notes that there is no indication that Defendant has not been able to receive care or that his medical conditions are not being managed. Defendant's medical records show that the BOP has made significant efforts to provide meaningful care for Defendant, and USP Canaan is equipped to meet his needs for his medical conditions. [*See generally* DN 266-1]. Additionally, as of March 30, 2021, the BOP reported only one active inmate case and six active staff cases of COVID-19.[8]

Accordingly, based on relevant CDC guidelines and a review of Defendant's medical history, the Court agrees that Defendant's medical conditions put him at an increased risk of severe illness from COVID-19 and may qualify as "extraordinary and compelling" reasons for purposes of 18 U.S.C § 3582(c). However, the Court finds that other circumstances including the fact that Defendant is housed in a facility that is equipped to meet his needs and there is no current outbreak at USP Canaan, significantly weaken Defendant's argument that extraordinary and compelling reasons exist. Regardless, the Court ultimately finds that compassionate release is not warranted under 18 U.S.C. § 3553(a).

---

[6] *See Centers for Disease Control and Prevention, Rate Ratios Compared to 18-29 Year Olds*, CDC, https://perma.cc/URL5-CLCP (last visited Feb. 3, 2021).
[7] *People with Certain Medical Conditions,* CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#diabetes (last updated Dec. 29, 2020).
[8] https://www.bop.gov/coronavirus/ (Accessed by the Court March 30, 2021).

### III. 18 U.S.C. § 3553(a) Factors

Even when a defendant is statutorily eligible for a sentence reduction based on an "extraordinary and compelling reason," compassionate release is not necessarily appropriate. The Court must weigh the sentencing factors in 18 U.S.C. § 3553(a) to determine whether Defendant's sentence should be reduced. *Willis*, 382 F.Supp.3d at 1188. Pursuant to § 3553(a), a court imposing a sentence shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];
>
> (5) any pertinent policy statement . . . by the Sentencing Commission;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that compassionate release is not appropriate in this case. In the present case, the "nature and circumstances" of Defendant's crimes weigh heavily against relief. Defendant was convicted of distributing large quantities of methamphetamine. More specifically, Defendant was the leader of a methamphetamine distribution ring and was responsible for 278.7155 grams of a mixture of methamphetamine, 2013.5155 grams (approximately 4.44 pounds) of actual methamphetamine, he was a felon in possession of twenty-three (23) firearms, and $298,994.90 in drug proceeds. [DN 172; DN 264]. It was also determined that Defendant obstructed justice by conspiring and attempting to have a confidential source harmed and/or killed for his or her involvement in the investigation. [*Id.*] Ultimately, Defendant received a 240-month sentence of imprisonment of which he has served just 45 months (19 percent). [DN 176].

Additionally, Defendant's criminal history of drug trafficking and manufacturing as well as participation in organized crime support the conclusion that Defendant's pre-confinement "history and characteristics" do not support relief. Notably, Defendant was on parole for a prior conviction of manufacturing methamphetamine and engaging in organized crime in Ballard County, Kentucky when he committed the instant offense. [DN 172; DN 264]. The record also shows that Defendant has not been rehabilitated during the 45 months he has served on his sentence. Defendant has received disciplinary sanctions for alcohol use, drug possession, and drug use while in BOP custody. [DN 266-2 at 1–2]. The Court finds that releasing Defendant after serving barely 20 percent of his sentence would minimize the seriousness of his crimes, fail to afford adequate deterrence to criminal conduct, lead to unwarranted sentence disparities, and would be unjust in light of the serious nature of his crimes. Moreover, after considering the totality of Defendant's circumstances, his offense conduct, and criminal history, the Court cannot conclude

that Defendant would not pose "a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2).

Accordingly, even though Defendant's medical conditions may present "extraordinary and compelling" reasons for a sentence reduction, there is no COVID-19 outbreak at USP Canaan and the Court cannot find that compassionate release is appropriate under §3582(c)(1)(A) in this case. Further, for the reasons stated, the Court concludes that compassionate release is not warranted under 18 U.S.C. § 3553(a). Therefore, Defendant's Motion for Compassionate Release in Light of COVID-19. [DN 262], must be DENIED.

## CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release in Light of COVID-19, [DN 262], is **DENIED.**

**IT IS SO ORDERED.**

*Thomas B. Russell* (signature)

**Thomas B. Russell, Senior Judge**
**United States District Court**

April 8, 2021

CC: **Christopher Ford**
16217-033
CANAAN
U.S. PENTITENTIARY
Inmate Mail/Parcels
P.O. BOX 300
WAYMART, PS 18472
PRO SE